Chen v. Holder

BIA
Mulligan, IJ
A089 224 970
A089 224 971

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand thirteen.

PRESENT:
>       ROBERT A. KATZMANN,
>            *Chief Judge,*
>       JON O. NEWMAN,
>       RALPH K. WINTER,
>            *Circuit Judges.*

_____

Zhenwu Chen, Yuehua Chen,
>       *Petitioners,*

>            v.                                  12-2819
>                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONERS:          Joan Xie, New York, NY

FOR RESPONDENT:           Stuart F. Delery, Principal Deputy
                          Assistant Attorney General, Anthony
                          C. Payne, Senior Litigation Counsel,

**Jesse M. Bless, Trial Attorney,  
Office of Immigration Litigation,  
United States Department of Justice,  
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Zhenwu and Yuehua Chen, natives and citizens of the People's Republic of China, seek review of a June 22, 2012, decision of the BIA affirming the January 20, 2011, decision of an Immigration Judge ("IJ"), which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhenwu and Yuehua Chen,* Nos. A089 224 970/971 (B.I.A. June 22, 2012), *aff'g* Nos. A089 224 970/971 (Immig. Ct. N.Y.C. Jan. 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications

such as Petitioners', governed by the amendments to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant[, and] . . . the consistency of [the applicant's] statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Petitioners challenge the agency's adverse credibility determination, which was based on their poor demeanors, inconsistencies between their testimonies, and insufficient corroboration. As Petitioners do not allege that the demeanor findings were based on a misstatement in the record and the findings are supported by inconsistencies in the testimony, we defer to the agency's determination. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Moreover, the agency reasonably relied on the inconsistencies between Petitioners' testimony regarding

their participation in and support of an underground church in China and regarding the identities of those who were arrested in the alleged raid on that church. *See Xiu Xia Lin*, 534 F.3d at 166-67. The agency did not err in declining to credit Yuehua's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis retained) (citation and internal quotation marks omitted)).

Finally, the agency reasonably concluded that Petitioners failed to rehabilitate their testimony with authenticated corroborative evidence. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148-49 (2d Cir. 2007) (holding that the agency did not abuse its discretion in declining to credit documents which had not been authenticated, where the alien had already been found not credible).

Because Petitioners do not allege an independent factual predicate for relief apart from the incredible testimony, and because the only evidence of a threat to

4

their lives or freedom depended on their credibility, the adverse credibility determination in this case is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk